﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 181114-29517
DATE: January 30, 2020

ORDER

A higher rate of special monthly compensation (SMC) based on the need for a higher level of aid and attendance under 38 U.S.C. § 1114(r)(2) (2012) is granted effective, September 11, 2017, subject to the laws and regulations governing the payment of monetary benefits.

FINDING OF FACT

Resolving all reasonable doubt in his favor, the evidence of record demonstrates that the Veteran would be entitled to a rating under subsection (o) of 38 U.S.C. § 1114, and that he requires health-care services provided on a daily basis by his wife who provides such services under the regular supervision of license health-care professionals.

CONCLUSION OF LAW

The criteria for a higher rate of SMC under 38 U.S.C. § 1114(r)(2) based on the need for a higher level of aid and attendance are met. 38 U.S.C. § 1114; 38 C.F.R. §§ 3.350, 3.351, 3.352 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1969 to August 1972, and from August 1980 to April 1998.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

Following a November 2017 rating decision that awarded SMC based on the need for aid and attendance under 38 U.S.C. § 1114(l), but no higher, the Veteran selected the Higher-Level Review lane when he submitted his February 2018 RAMP election form. Accordingly, the April 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed the issues decided in this RAMP rating decision to the Board, and he requested direct review of the evidence considered by the agency of original jurisdiction (AOJ).

SMC

SMC is available when, as the result of service-connected disability, a Veteran suffers additional hardships above and beyond those contemplated by VA’s schedule for rating disabilities. See 38 U.S.C. § 1114; 38 C.F.R. §§ 3.350 and 3.352. The rate of SMC varies according to the nature of the Veteran’s service-connected disabilities. Basic levels of SMC are listed at 38 U.S.C. § 1114 (k). Higher levels of SMC are provided at 38 U.S.C. § 1114 (l), (m), (n), and (o).

The Veteran is currently service connected for the following disabilities at the following rates: coronary artery disease (CAD), status post myocardial infarction and bypass surgery, rated as 100 percent disabling; nephropathy, rated as 80 percent disabling; type I diabetes mellitus; gastroesophageal reflux disorder, pancreatitis, and residuals, cholecystectomy due to gall stones, rated as 10 percent disabling; hypertension, rated as noncompensable; scars, rated as noncompensable; and erectile dysfunction, rated as noncompensable.

In the November 2017 rating decision, the AOJ granted SMC based on the need of regular aid and attendance of another person under 38 U.S.C. § 1114(l) and 38 C.F.R. § 3.350(b).

The Veteran claims entitlement to SMC under 38 U.S.C. § 1114(r)(2) due to a need of a higher level of care. See December 2017 VA Form 21-0958, Notice of Disagreement. Essentially, the Veteran argues that (1) his service-connected CAD alone would support the assignment of SMC based on the need of regular aid and attendance of another under 38 U.S.C. § 1114(l); (2) that his other service-connected disabilities, including nephrology, diabetes mellitus, and hypertension, would also support the assignment of SMC based on the need of regular aid and attendance of another (as distinct from the impairment associated with his service-connected CAD) under 38 U.S.C. § 1114(l); (3) that, because the service-connected disabilities addressed above would entitle him to two separate rates under 38 U.S.C. § 1114(l), he would be entitled to SMC under 38 U.S.C. § 1114(o); and (4) that he requires health-care services provided on a daily basis by his wife who provides such services under the regular supervision of license health-care professionals.

SMC under 38 U.S.C. § 1114(r) is warranted if a veteran is entitled to compensation authorized under subsection (o); at maximum rate authorized under subsection (p); or at the intermediate rate authorized between the rates authorized under subsections (n) and (o) and at the rate authorized under subsection (k). The veteran must also be in need of regular aid and attendance. See 38 U.S.C. § 1114(r)(1).

If the veteran, in addition to such need for regular aid and attendance, is in need of a higher level of care, and in the absence of such higher level of care the veteran would require hospitalization, nursing home care, or other residential institutional care, then the veteran is entitled to the higher rate of aid and attendance allowance authorized by 38 U.S.C. § 1114(r)(2) and 38 C.F.R. § 3.350(h) in lieu of the regular aid and attendance. See also 38 C.F.R. § 3.352(b).

The need for a higher level of care shall be considered to be need for personal health-care services provided on a daily basis in the veteran’s home by a person who is licensed to provide such services or who provides such services under the regular supervision of a licensed health-care professional. 38 U.S.C. § 1114(r); 38 C.F.R. § 3.352(b)(2). Personal health-care services include (but are not limited to) such services as physical therapy, administration of injections, placement of indwelling catheters, and the changing of sterile dressings, or like functions which require professional health-care training or the regular supervision of a trained health-care professional to perform. A licensed health-care professional includes (but is not limited to) a doctor of medicine or osteopathy, a registered nurse, a licensed practical nurse, or a physical therapist licensed to practice by a State or political subdivision thereof. 38 C.F.R. § 3.352(b)(2).

The term “under the regular supervision of a licensed health-care professional” means that an unlicensed person performing personal health-care services is following a regimen of personal health-care services prescribed by a health-care professional, and that the health-care professional consults with the unlicensed person providing the health-care services at least once each month to monitor the prescribed regimen. The consultation need not be in person; a telephone call will suffice. 38 C.F.R. § 3.352(b)(3).

A person performing personal health-care services who is a relative or other member of the Veteran’s household is not exempted from the requirement that he or she be a licensed health-care professional or be providing such care under the regular supervision of a licensed health-care professional. 38 C.F.R. § 3.352(b)(4). Moreover, the provisions of 38 C.F.R. § 3.352(b) are to be strictly construed. The higher level aid-and-attendance allowance is to be granted only when the need is clearly established and the amount of services required on a daily basis is substantial. 38 C.F.R. § 3.352(b)(5).

Here, as noted above, the Veteran is currently in receipt of SMC under 38 U.S.C. § 1114(l). Thus, the need for regular aid and attendance under 38 U.S.C. § 1114(r) and 38 C.F.R. § 3.352(b)(1)(ii) has been established.

In support of his claim, the Veteran a submitted a November 2017 VA Form 21-2680, Examination for Housebound Status or Permanent Need for Regular Aid and Attendance, that was completed by his private treating physician. The physician noted the Veteran’s service-connected CAD (and associated left ventricular assist device (LVAD), nephrology (chronic kidney failure) and type I diabetes mellitus. The physician then noted that he was unable to prepare is own meals as he had been prescribed four different and restrictive diets, one for his diabetes, one for his nephrology, one for his CAD, and one for his LVAD. The physician also noted that the Veteran’s wife, as his caregiver, prepared all of his meals, and that she had an educational and working background as a certified dietician tech. The physician also noted that his ability to bathe himself was restricted to showering due to his LVAD; that he required assistance holding the waterproof bag while showering or that he required his wife to wash him while he held the bag; and that he his wife had to waterproof his dressings and driveline. The physician then concluded that the Veteran required nursing home care, noting that, under the supervision and coordination with his LVAD nurse from a heart institute center, his wife performed medical services, including changing his sterile dressings and bandages at home under sterile conditions, as opposed to having him travel to a clinic. The physician also noted that his wife performed blood pressure readings twice a day; that she would test his blood glucose levels twice a day; that she would check his international normalized ratio (INR) which, in turn, determined his warfarin dosage. As indicated in the above response, the physician also noted that the Veteran required medication management. The physician then noted that he was able to get to his appointments and travel in a vehicle as a passenger with his caregiver’s assistance. The physician also noted that the Veteran was connected to an electrical outlet or a battery pack on a twenty-four hour basis, that his electrical connection restricted his movement to a twenty foot radius (the length of the cord), that his a 10-pound portable battery pack still had restrictions; and he had to transport a 25-pound LVAD emergency medical equipment bag, when he left his immediate premises.

Given the physician’s conclusion that the Veteran required nursing home care, but for the care provided by his wife which is supervised by a registered nurse, the Board finds that a need for a higher level of care under 38 U.S.C. § 1114(r)(2) and 38 C.F.R. § 3.352(b)(1)(iii) has been established.

Thus, the remaining and determinative issue, then, is whether the Veteran is in receipt of, or is entitled to receive, compensation authorized under subsection (o); at maximum rate authorized under subsection (p); or at the intermediate rate authorized between the rates authorized under subsections (n) and (o) and at the rate authorized under subsection (k). 38 U.S.C. § 1114(r); 38 C.F.R. § 3.352(b)(1)(i).

SMC at the 38 U.S.C. § 1114(o) rate is warranted where the Veteran, as a result of service-connected disability, has any of the following conditions: (i) anatomical loss of both arms so near the shoulder as to prevent use of a prosthetic appliance; (ii) conditions which would entitle him to two or more rates provided in one or more subsections (l) through (n) of 38 U.S.C. § 1114, with no condition being considered twice in the determinations; (iii) bilateral deafness rated at 60 percent or more disabling with the hearing impairment it at least one ear service-connected in combination with service-connected blindness with bilateral visual acuity 20/200 or less; (iv) service-connected total deafness in one ear or bilateral deafness rated at 40 percent or more disabling with hearing impairment in at least one ear service-connected in combination with service-connected blindness of both eyes having only light perception or less. 38 C.F.R. § 3.350(e)(1).

The Veteran does not have and is not service-connected for anatomical loss of both arms, deafness, blindness, or paralysis of both lower extremities, so he is not eligible for a rate under subsection (o) and 38 C.F.R. § 3.350(e) based on the requirements of (i), (iii), (iv), or paraplegia. 

Regarding 38 C.F.R. § 3.350(e)(ii), as noted above, he is currently in receipt of the rate authorized under subsection (l) due to the need of regular aid and attendance. The Board notes that the November 2017 rating decision assigned awarded SMC under 38 U.S.C. § 1114(l) based on the Veteran’s service-connected CAD, nephropathy, and diabetes mellitus together. However, based on the findings contained in the December 2017 VA Form 21-2680, the Board finds that separate awards under 38 U.S.C. § 1114(l) could be assigned for the Veteran’s service-connected CAD and his service-connected nephrology, diabetes mellitus, and hypertension.

SMC provided by 38 U.S.C. § 1114(l) is payable for anatomical loss or loss of use of both feet; one hand and one foot; blindness in both eyes with visual acuity of 5/200 or less; or being permanently bedridden or so helpless as to be in need of regular aid and attendance. 38 C.F.R. § 3.350(b).

As it relates to the Veteran’s service-connected CAD and associated LVAD, in the December 2017 VA Form 21-2680, the physician noted that he was unable to prepare his own meals due to the associated restrictive diets (regardless of the restrictive diets associated with his service-connected nephrology and diabetes mellitus), and that he required his wife’s assistance as a registered dietician. The physician also noted that the Veteran required assistance bathing as a result of his service-connected CAD and associated LVAD, either with another person holding a waterproof bag while he washed himself, or with someone else washing him while he held the waterproof bag; and that his wife would have to waterproof his sterile dressings and driveline. Finally, the physician noted that the Veteran’s wife would have to change his dressings and bandages at home under sterile conditions as opposed to traveling to a clinic.

Based upon the above observations, the Board finds that, while the Veteran was not bedridden, the most probative evidence of record shows that he requires care or assistance on a regular basis due to his service-connected CAD and associated LVAD alone.

As it relates to the Veteran’s service-connected nephrology, type I diabetes mellitus, and hypertension, as noted above, the Veteran’s physician noted in the December 2017 VA Form 21-2680 that he was unable to prepare his own meals due to the restrictive diets associated with his service-connected nephrology and diabetes mellitus (regardless of the restrictive diets associated with his service-connected CAD and associated LVAD), and that he required his wife’s assistance as a registered dietician. The physician also noted that the Veteran’s wife performed blood pressure readings twice a day; that she would test his blood glucose levels twice a day; that she would check his INR which, in turn, determined his warfarin dosage; and that she managed his medications.

Based upon the above observations, the Board finds that, while the Veteran was not bedridden, the most probative evidence of record shows that he requires care or assistance on a regular basis due to his service-connected nephrology, type I diabetes mellitus, and hypertension.

Thus, because separate ratings under 38 U.S.C. § 1114(l) could be assigned for the Veteran’s service-connected CAD and his service-connected nephrology, diabetes mellitus, and hypertension, the Board finds that the Veteran meets the criteria for SMC under 38 U.S.C. § 1114(o) and 38 C.F.R. § 3.350(e)(1).

In conclusion, because evidence of record demonstrates that the Veteran meets the criteria for SMC under 38 U.S.C. § 1114(o) because separate ratings under 38 U.S.C. § 1114(l) for regular aid and attendance could be assigned for his service-connected CAD and associated LVAD and his service-connected nephrology, diabetes mellitus, and hypertension; and because the evidence of record demonstrates that he requires a higher level of care as contemplated under 38 U.S.C. § 1114(r)(2), the Board finds that entitlement to SMC under 38 U.S.C. § 1114(r)(2) is warranted, effective September 11, 2017, the day his claim was received.

 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board James R. Springer, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.